UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARTER TERALL MOORE,<br><br>Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>Respondent. | Case No. CV 08-05804 FMC (AN)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |

## I. Background

On September 5, 2008, petitioner Carter Terall Moore, a state prisoner, filed his pending *pro se* petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). The Petition raises three grounds for federal habeas relief from Moore's state custody arising from his 1987 state conviction and related forty-five year prison sentence for lewd acts with a child under the age of fourteen that he sustained in the California Superior Court for Los Angeles County in case no. A639292 ("1987 Conviction"). (Pet. 2; Official records of California courts.[1])

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's case available on the internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

...

However, this Court's records[2/] establish the Court lacks jurisdiction to consider the Petition because it is an unauthorized successive petition.

Specifically, on August 24, 2000, Moore filed his first § 2254 petition with this Court challenging his state custody arising from his 1987 Conviction ("2000 Petition"). (CV 00-09082 FMC (AN).) The 2000 Petition was dismissed with prejudice because it was time-barred. (*Id.*, Judgment (docket no. 16).)

The pending Petition and attached exhibits establish Moore once again seeks federal habeas relief from his state custody arising from his 1987 Conviction. Neither the Petition nor attached exhibits establish that the United States Court of Appeals for the Ninth Circuit has authorized Petitioner to bring a second or successive petition in this Court. The Court also takes judicial notice that the Ninth Circuit's official records establish Petitioner's request for a certificate of appealability was denied by the Ninth Circuit.

## II. Discussion

The United States Supreme Court recently explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the

---

[2/] The Court takes judicial notice of its own records and files. Fed. R. Evid. 201(b)(2); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1       filing of the second or successive application only if it
2       presents a claim not previously raised that satisfies one of the
3       two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C);
4       *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S.Ct. 2641,
5       162 L.Ed.2d 480 (2005); see also *Felker v. Turpin,* 518 U.S.
6       651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).
7 *Burton v. Stewart,* 549 U.S. ---, 127 S. Ct. 793, 796-99 (2007).

8     Based upon the foregoing, the Court finds Moore's pending Petition is clearly a "second or successive" habeas petition relative to his 2000 Petition that was dismissed as time-barred. Moreover, the Petition, attached exhibits, and records of the Ninth Circuit establish the Petition constitutes an unauthorized second or successive petition because the Ninth Circuit has not granted Moore permission to file it with this Court.

    Accordingly, the reference to the Magistrate Judge is vacated and the unauthorized successive Petition is dismissed because Court lacks jurisdiction to consider it. The Clerk is directed to enter the judgment dismissing the Petition. Any and all other pending motions are terminated.

    IT IS SO ORDERED.

Dated: *Sept. 16*, 2008

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge